Daly, F. J.
—The plaintiff was the attorney of a Mrs. Wilkinson in an action brought by her against her husband, who is the defendant’s brother, for a divorce. The plaintiff had made an application upon her behalf to the court for alimony, and, while this application was pending, Mrs. Wilkinson, her husband, and the defendant met at the plaintiff’s office, and, after considerable negotiation, the suit was settled ; Mrs. Wilkinson agreeing that the plaintiff should discontinue it, upon the defend.ant’s promise to pay the plaintiff $75 in liquidation, as it was expressed, of the plaintiff’s services in the prosecution of the action.
The motion for alimony was accordingly abandoned, and the suit was discontinued.
This was not a promise to answer for the debt or default of another, but was a direct promise to pay to the plaintiff a certain sum of money for an object to be effected, and which constituted the consideration for the promise, namely, the settlement and discontinuance of the suit. It does not appear whether it was made directly to the plaintiff or to Mrs. Wilkinson, nor is it material; for if made to the latter, it was for the plaintiff’s benefit, and was in either case an original and not a collateral undertaking (Farley v. Cleavland, 4 Cow., 433 ; 9 Id., 639 ; Lawrence v. Fox, 20 N. Y., 270 ; Schemerhorn v. Vanderheyden, 1 Johns., 140).
The judgment should be affirmed.
Brady, J.
—There had been “considerable litigation’' in the action between Henry W. Wilkinson and Susan E. Wilkinson, which was commenced, to obtain a divorce, by Mrs. Wilkinson. The plaintiff was her attorney. The *51 parties settled the motion for alimony, and the action was discontinued; and by the discontinuance the plaintiff gave up whatever lien he liad acquired, and whatever counsel fee would have been awarded. In consideration of the settlement, the defendant made the promise relied upon by the plaintiff to warrant a recovery in this action. It is evident, from the return, that the compensation which ought to be given the plaintiff for his professional services was the subject of conversation before the settlement was agreed upon, and that its payment was a preliminary to the accomplishment" of such settlement. The ■ defendant in the divorce suit was not, at the time of the settlement, indebted to the plaintiff in this suit. The latter had an inchoate claim, resting upon the almost universal practice of allowing the wife, when plaintiff in a divorce suit, a sufficient sum to employ counsel to conduct her case ; and the plaintiff, by consenting to discontinue, yielded his right to apply for it against the defendant in that suit. That was a sufficient consideration to support the promise of the defendant in this action as an original. promise. The inchoate right of costs and counsel fee against the defendant, in the divorce suit, was extinguished by the discontinuance of the action, and is lost. It has frequently been held that a promise by a third person, accepted in lieu of a debt, which is, in consequence of such promise, discharged absolutely, is a new . undertaking, and not within the statute of frauds.
The judgment should be affirmed.